IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER SLAVICK, #A0765881, | ) ) ) | CIV. NO. 15-000424 DKW/BMK |
| Petitioner, | ) ) ) | ORDER TO ANSWER; ORDER DENYING MOTIONS TO APPOINT COUNSEL AND STAY |
| vs. | ) ) | AND ABEY PETITION |
| FRANCIS SEQUEIRA, | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## ORDER TO ANSWER; ORDER DENYING MOTIONS TO APPOINT COUNSEL AND STAY AND ABEY PETITION

Before the court is pro se petitioner Christopher Slavick's amended Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, motion for appointment of counsel, and motion to stay and abey the petition. *See* Doc. Nos. 7, 8; *see also*, Hawaii Judiciary Public Access to Court Information, Ho`ohiki, avail.: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last visited Nov. 25, 2015). Slavick challenges his May 3, 2013 conviction in CR. No. 04-1-001534. Slavick alleges that his conviction violated his constitutional rights to: (1) a speedy trial (Ground One); (2) freedom from double jeopardy (Ground Two); and (3) due process (Ground Three). *See* Pet., Doc. No. 7, PageID #60.

Ground Three is DISMISSED with prejudice.  Respondent is ORDERED to file an Answer or dispositive motion regarding Slavick's remaining claims in Grounds One and Two on or before **December 30, 2015**.  Slavick may file a Reply to the Answer or Motion on or before **February 1, 2016**.  Slavick's Motions to Appoint Counsel and Stay/Abey Habeas Corpus Petition are DENIED.

## I.  BACKGROUND

Slavick was found guilty by jury trial in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), of Promoting a Harmful Drug in the First Degree in Cr. No. 04-1-1534.  Pet., Doc. No. 7; *see also State v. Slavick*, 2014 WL 370870, at *1 (Haw. App. July 24, 2014), *cert. denied*, 2014 WL 7012050, at *1 (Haw. Dec. 11, 2014).

Slavick appealed, arguing that the circuit court violated the United States and Hawaii Constitutions and Rule 48 of the Hawaii Rules of Penal Procedure ("HRPP") when it (1) subjected him to double jeopardy by retrying him after declaring a mistrial; and (2) violated his speedy trial rights.  *Slavick*, 2014 WL 370870, at *1, *4-5.   The Hawaii Intermediate Court of Appeals ("ICA") affirmed Slavick's convictions and sentence.  *Id.* at *7.  The Hawaii Supreme Court rejected Slavick's application for certiorari on December 11, 2014.  *Slavick*, 2014 WL

7012050, at *1.  Slavick says he sought certiorari with the United States Supreme

Court, but he was told to refile and failed to do so.

In the present Petition, Slavick alleges: "Constitutional violation of Speedy

Trial/lack of due diligence" (Ground One); Constitutional violation of Double

Jeopardy" (Ground Two); "Constitutional violation of Due Process right to a Fair

and Unbiased Grand Jury" (Ground Three).  *Id.*, PageID #60.  Slavick concedes

that Ground Three is unexhausted, but alleges it is currently pending before the

Hawaii state courts in an HRPP Rule 40 post-conviction petition.  *See id.*, PageID

#51-56.

## II. DISCUSSION

### A.    Ground Three Is Dismissed and the Motion to Stay/Abey is Denied

In Ground Three, Slavick alleges that the State proffered perjured testimony

to the grand jury, which relied on such testimony to return the indictment.  As the

Magistrate Judge informed Slavick in the October 22, 2015 Order dismissing the

Petition with leave to amend, Doc. No. 6, this claim fails to state a cognizable

claim for relief.  First, an "indictment by grand jury is not part of the due process

of law guaranteed to state criminal defendants by the Fourteenth Amendment."

*Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (citing *Hurtado v. California*,

110 U.S. 516, 534-35 (1884) (no due process right to a grand jury indictment

before criminal prosecution in state court)); *see also Peterson v. California*, 604 F.3d 1166, 1169-70 (9th Cir. 2010) (denying habeas relief on a claim that petitioner's Sixth Amendment confrontation rights were violated at a preliminary hearing because there is no federal constitutional right to a preliminary hearing). Having no right to a grand jury, Slavick had no right to due process during the grand jury proceedings.

Second, even if Slavick had such a right, any claimed constitutional violation regarding grand jury procedures is rendered harmless by a subsequent conviction at trial. *United States v. Mechanik*, 475 U.S. 66, 70 (1986) ("[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt."); *see also Williams v. Stewart*, 441 F.3d 1030, 1042 (9th Cir. 2006) (stating that any constitutional error in the grand jury proceedings is harmless when the petitioner is convicted of the offenses charged).

Ground Three is DISMISSED with prejudice and Slavick's motion to stay and abey the Petition is DENIED. *See Rhines v. Weber*, 544 U.S. 269 (2005)

4

(requiring good cause, diligence, and a potentially meritorious unexhausted claim to issue a stay).

**B.     The Motion for Appointment of Counsel is DENIED**

There is no right to counsel in habeas corpus proceedings unless an evidentiary hearing is required or appointment is "necessary for the effective utilization of discovery procedures." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also* Rules 6(a) and 8©, 28 U.S.C. foll. § 2254.  It does not appear that appointment of counsel is necessary. Petitioner's motion for appointment of counsel is DENIED without prejudice.

**C.     An Answer and/or Dispositive Motion is Required**

Respondent is ORDERED to file an Answer to the Petition and/or a dispositive motion on or before **December 30, 2015** addressing any relevant issues presented in Slavick's Ground One or Ground Two.  Respondent shall attach only necessary and relevant transcripts, briefs, opinions, or dispositive orders relating to these claims, as set forth in Rule 5, 28 U.S.C. foll. § 2254.  Respondent is NOTIFIED that the Answer must be in compliance with Local Rule LR7.5 and

may not exceed the specified pages or words without prior permission from the court, upon good cause shown.

Slavick may file a Reply on or before **February 1, 2016**.

### III.  <u>CONCLUSION</u>

(1)    Ground Three is DISMISSED with prejudice, and the Motion to Stay/Abey the Petition is DENIED.

(2)    The Motion for Appointment of Counsel is DENIED without prejudice.

(3)    Respondent is ORDERED to file an Answer and/or dispositive motion regarding Slavick's remaining claims on or before **December 30, 2015.** Slavick may file a Reply on or before **February 1, 2016.**

IT IS SO ORDERED.

DATED: December 1, 2015 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

cc:    Petitioner (Order)
       Department of the Prosecuting Attorney, City and County of Honolulu (Order & Petition)
       Department of the Attorney General, State of Hawaii (Order & Petition)

_____

*Christopher Slavick, #A0765881  v. Francis Sequeira*; Civil No. 15-000424 DKW/BMK; **ORDER TO ANSWER; ORDER DENYING MOTIONS TO APPOINT COUNSEL AND STAY AND ABEY PETITION**
*Slavick v. Hawaii,* 1:15-1-00424 DKW/BMK; OSCs 2015 Slavick 15-424 dkw (Ans. Dsm Gr. 3); Slavick 15-424 dkw (Ans., dsm Gr. 3, dny abey & apptcoun).wpd.